IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-169-D
No. 5:09-CV-293-D

| | | |
|---|---|---|
| WALLACE THOMAS LESTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On March 13, 2008, a jury convicted Wallace Thomas Lester ("Lester") of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924 . See [D.E. 42]. On June 10, 2008, the court sentenced Lester (an armed career criminal under the Armed Career Criminal Act ("ACCA")) to 240 months' imprisonment. See [D.E. 52, 57]. On February 17, 2008, the United States Court of Appeals for the Fourth Circuit affirmed Lester's conviction and sentence. See United States v. Lester, 311 F. App'x 660 (4th Cir. 2009) (per curiam) (unpublished).

On June 30, 2009, Lester filed his first motion to vacate his sentence under 28 U.S.C. § 2255. See [D.E. 64]. On December 23, 2009, the court denied Lester's motion to vacate for failure to state a claim upon which relief can be granted and denied a certificate of appealability. See [D.E. 80]. Lester did not appeal.

On August 4, 2014, Lester filed his second section 2255 motion, and cites Federal Rule of Civil Procedure 15(c) and 60(d)(3). See [D.E. 87]. In Lester's latest motion, he makes the same arguments he made on direct appeal and in his first section 2255 motion concerning his arrest and counsel's failure to file a motion to suppress, but adds an attack on his indictment and sentence based

on Descamps v. United States, 133 S. Ct. 2276 (2013), and Alleyne v. United States, 133 S. Ct. 2151 (2013). See [D.E. 82]. On August 8, 2014, Lester "amended" his second section 2255 motion to add another argument, attacking his sentence under the ACCA based on United States v. Davis, 720 F.3d 215 (4th Cir. 2013). See [D.E. 87] 5–11.

The latest motion and amendment appear to be as baseless as Lester's first section 2255 motion given that Descamps, Alleyne, and Davis announced purely procedural rules that do not apply retroactively on collateral review. See, e.g., Whorton v. Bockting, 549 U.S. 406, 416–17 (2007) (describing framework used to analyze retroactivity on collateral review); United States v. Montes, No. 14-2015, 2014 WL 3032185, at *1 (10th Cir. July 7, 2014) (unpublished) (holding that Descamps is not retroactively applicable to cases on collateral review); Whittaker v. Chandler, No. 13-11280, 2014 WL 2940449, at *1 (5th Cir. July 1, 2014) (per curiam) (unpublished) (same); Glover v. Fox, 550 F. App'x 592, 594–95 (10th Cir. 2013) (unpublished) (same); United States v. Mitchell, Nos. 3:03cr57/LC/CJK, 3:14cv313/LC/CJK, 2014 WL 3720582, at *2 n.3 (N.D. Fla. July 28, 2014) (unpublished) (collecting cases uniformly holding that Descamps is not retroactively applicable to cases on collateral review); United States v. Stewart, 540 F. App'x 171, 172 n.* (4th Cir. 2013) (per curiam) (unpublished) (holding that Alleyne is not retroactively applicable to cases on collateral review); see also In re Mazzio, No. 13-2350, 2014 WL 2853722, at *2–3 (6th Cir. June 24, 2014) (same); United States v. Winkleman, 746 F.3d 134, 136 (3d Cir. 2014); United States v. Harris, 741 F.3d 1245, 1250 n.3 (11th Cir. 2014) (same); United States v. Redd, 735 F.3d 88, 91–92 (2d Cir. 2013) (per curiam) (same); In re Payne, 7833 F.3d 1027, 1029 (10th Cir. 2013) (per curiam) (same); In re Kemper, 735 F. 3d 211, 212 (5th Cir. 2013) (per curiam) (same); Simpson v. United States, 721 F.3d 875, 876 (7th Cir. 2013); (same); Lee v. United States, Nos. 7:07-CR-79-D, 7:11-

2

CV-177-D, 2013 WL 5561438, at *3 (E.D.N.C. Oct. 3, 2013) (unpublished) (holding that Davis "announced a purely procedural rule that is not retroactive on collateral review").

Alternatively, even if Descamps, Alleyne, and Davis applied retroactively to Lester, he would get no relief. In Descamps, the Supreme Court held that courts may not apply the modified categorical approach to sentencing under the ACCA when the defendant's underlying crime of conviction has a single indivisible set of elements and that Descamps' burglary conviction under California law was not a violent felony under the ACCA. See Descamps, 133 S. Ct. at 2283-93. After Descamps, Lester's North Carolina armed-robbery convictions remain violent felonies under the ACCA. See, e.g., United States v. Hunter, 735 F.3d 172, 173-74 (4th Cir. 2013); United States v. Carmichael, 408 F. App'x 769, 770-71 (4th Cir. 2011) (per curiam) (unpublished); United States v. White, 571 F.3d 365, 369-73 (4th Cir. 2009); United States v. Hutchinson, 149 F. App'x 214, 215-16 (4th Cir. 2005) (per curiam) (unpublished); N.C. Gen. Stat. § 14-87. Thus, even if Descamps applied at Lester's sentencing, it would not have provided Lester any relief.

As for Alleyne, it too would not have provided Lester any relief at his sentencing. Simply put, Alleyne did not alter a sentencing court's ability to rely on "the fact of a prior conviction" at sentencing. See Alleyne, 133 S. Ct. at 2160 n.1; Mann v. United States, Nos. 5:08-CR-296-D, 5:12-CV-470-D, 2013 WL 5356878, at *5 (E.D.N.C. Sept. 24, 2013) (unpublished).

As for Davis, even if Davis applied, and assuming Lester received a consolidated sentence for the armed robbery convictions listed in paragraphs 6, 7, 8, 9, 10, and 11 of the Presentence Investigation Report ("PSR"), that fact is irrelevant under the ACCA. See PSR ¶¶ 6-11. At Lester's sentencing, the court properly counted the six convictions separately under the ACCA because Lester committed the six offenses "on occasions different from one another." 18 U.S.C. § 924(e)(1); see United States v. Benn, Nos. 12-4522, 12-4803, 12-4804, and 12-4851, 2014 WL 2109806, at *12

3

(4th Cir. May 21, 2014) (per curiam) (unpublished) (holding that "Davis . . . does not apply to the armed career criminal context"); Davis, 720 F.3d at 216 (holding that "a consolidated sentence under North Carolina law is a single sentence for purposes of the career offender enhancement" in U.S.S.G. § 4B1.1) (emphasis added); United States v. Hobbs, 136 F.3d 384, 388 (4th Cir. 1998) (noting that the career-offender guideline provision in U.S.S.G. § 4B1.1 and the ACCA provision in 18 U.S.C. § 924(e) use different methods for determining when to count prior offenses as a single conviction); Kizziah v. United States, Nos. 7:13-cv-8042-VEH-JEO, 7:12-cr-0021-VEH-JEO, 2014 WL 51282, at *9 n.8 (N.D. Ala. Jan. 7, 2014) (unpublished). Thus, Davis does not help Lester.

Nonetheless, the court need not dwell on the merits. Although Lester purports to bring his latest section 2255 motion and amendment under Rules 15 and 60 of the Federal Rules of Civil Procedure, Lester failed to obtain the required authorization from the Fourth Circuit before filing his latest section 2255 motion. Lester cannot avoid the legal effect of 28 U.S.C. § 2244(b)(3) by citing Rule 15 or Rule 60. See, e.g., United States v. Winestock, 340 F.3d 200, 206–07 (4th Cir. 2003). Accordingly, this court lacks jurisdiction to review Lester's latest section 2255 motion and amendment. See 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive [habeas corpus application] is filed in the district court, the applicant shall move the appropriate court of appeals for an order authorizing the district court to consider the application."); see, e.g., Burton v. Stewart, 549 U.S. 147, 152–53, 157 (2007) (per curiam); United States v. MacDonald, 641 F.3d 596, 603–04 (4th Cir. 2011); Winestock, 340 F.3d at 205–06; In re Vial, 115 F.3d 1192, 1194–95 (4th Cir. 1997) (en banc). Thus, the court dismisses Lester's section 2255 motion and amendment, and Lester may seek authorization from the Fourth Circuit.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating

4

that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. See Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683–84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Lester's latest section 2255 motion debatable. Thus, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c).

In sum, the court DISMISSES Lester's section 2255 motion and amendment [D.E. 82, 87] and DENIES a certificate of appealability. See 28 U.S.C. § 2253(c).

SO ORDERED. This 19 day of August 2014.

JAMES C. DEVER III
Chief United States District Judge