IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:07-CR-169-D
No. 5:16-CV-285-D

| | |
|---|---|
| WALLACE THOMAS LESTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On May 24, 2016, Wallace Thomas Lester ("Lester") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his 240-month sentence [D.E. 99]. On October 25, 2016, the government moved to dismiss Lester's motion [D.E. 104] and filed a supporting memorandum [D.E. 105]. On November 15, 2016, Lester responded [D.E. 106]. As explained below, the court grants the government's motion to dismiss.

On March 13, 2008, a jury found Lester guilty of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924. See [D.E. 1, 42]; Presentence Investigation Report ("PSR") ¶¶ 1–4. Before sentencing, the United States Probation Office prepared a PSR. The PSR detailed Lester's extensive criminal history and stated that his advisory guideline range was 235 to 293 months' imprisonment based on a criminal history category of VI and a total offense level of 33. See id. ¶¶ 6–33, 67–78. The PSR also stated that Lester was an armed career criminal on the basis of six prior convictions for armed robbery. See id. ¶ 37. After considering the entire record, the arguments of counsel, and the section 3553(a) factors, this court sentenced Lester 240 months' imprisonment [D.E. 52]; see Sentencing Tr. [D.E. 57] 13–18.

Lester appealed. On February 17, 2009, the United States Court of Appeals for the Fourth

Circuit affirmed Lester's conviction and sentence. See United States v. Lester, 311 F. App'x 660, 660–61 (4th Cir. 2009) (per curiam) (unpublished).

On December 23, 2009, this court dismissed Lester's first 2255 motion and denied a certificate of appealability. See [D.E. 80]. Lester did not appeal. On August 19, 2014, this court dismissed Lester's second section 2255 motion as successive and baseless. See United States v. Lester v. United States, No. 5:07-CR-169-D, 5:09-CV-293-D, 2014 WL 4105677, at *1–2 (E.D.N.C. Aug. 19, 2014) (unpublished). On December 23, 2014, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. See United States v. Lester, 589 F. App'x 99 (4th Cir. 2014) (per curiam) (unpublished).

On April 28, 2016, the Fourth Circuit authorized another section 2255 petition. See In re Wallace Thomas Lester, No. 15-403 (4th Cir. Apr. 28, 2016). In Lester's latest section 2255 motion, Lester alleges that he is no longer an armed career criminal due to Johnson v. United States, 135 S. Ct. 2551 (2015). See [D.E. 99] 3–7. The government disagrees and has moved to dismiss Lester's motion for failure to state a claim upon which relief can be granted. See [D.E. 104, 105].

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court

2

may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Johnson does not help Lester. Lester's six convictions for armed robbery continue to qualify as violent felonies under 18 U.S.C. § 924(e) even after Johnson. See, e.g., United States v. Smith, 638 F. App'x 216, 218–19 (4th Cir. 2016) (per curiam) (unpublished); United States v. Wintons, 669 F. App'x 647, 648 (4th Cir. 2016) (per curiam) (unpublished); PSR ¶¶ 6–11. Thus, Lester's claim fails.

After reviewing the claim presented in Lester's motion, the court finds that reasonable jurists would not find the court's treatment of Lester's claim debatable or wrong, and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

In sum, the court GRANTS the government's motion to dismiss [D.E. 104], DISMISSES Lester's section 2255 motion [D.E. 99], and DENIES a certificate of appealability.

SO ORDERED. This 2 day of May 2017.

JAMES C. DEVER III
Chief United States District Judge

3