IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 5:07-CR-00169-D

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>)<br>v. )<br>)<br>WALLACE THOMAS LESTER, )<br>)<br>Defendant. ) | **ORDER** |

On March 8, 2021, Wallace Thomas Lester ("Lester" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238-41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 112]. On August 3, 2021, Lester, through counsel, filed a memorandum and documents in support [D.E. 115, 116]. On August 17, 2021, the United States responded in opposition [D.E. 119]. As explained below, the court denies Lester's motion.

I.

On March 13, 2008, a jury convicted Lester of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). See [D.E. 42]. On July 10, 2008, the court held a sentencing hearing, adopted the facts set forth in the Presentence Investigation Report ("PSR"), and resolved one objection. See [D.E. 57] 4-5; Fed. R. Crim. P. 32(i)(3)(A)-(B). The court calculated Lester's total offense level to be 33, his criminal history category to be VI, and his advisory guideline range to be 235 to 293 months' imprisonment. See [D.E. 57] 9-10. After thoroughly considering the arguments and all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Lester to 240 months' imprisonment. See [D.E. 52] 2; [D.E. 59] 13-18. The next day, Lester appealed [D.E. 47].

On February 17, 2009, the Fourth Circuit affirmed Lester's conviction and sentence. See United States v. Lester, 311 F. App'x 660, 660 (4th Cir. 2009) (per curiam) (unpublished) [D.E. 61]; [D.E. 62].

On June 30, 2009, Lester filed a motion to vacate his sentence under 28 U.S.C. § 2255 [D.E. 64]. The court dismissed the motion and denied a certificate of appealability [D.E. 80]. Lester did not appeal. On December 10, 2013, Lester filed another section 2255 motion [D.E. 82, 84]. On August 19, 2014, the court dismissed Lester's section 2255 motion as successive and baseless. See Lester v. United States, No. 5:07-CR-169-D, 2014 WL 4105677, at *1–3 (E.D.N.C. Aug. 19, 2014) (unpublished). On December 23, 2014, the Fourth Circuit denied a certificate of appealability and dismissed the appeal. See United States v. Lester, 589 F. App'x 99 (4th Cir. 2014) (per curiam) (unpublished). On April 28, 2016, the Fourth Circuit authorized Lester to file a third section 2255 petition. See In re Wallace Thomas Lester, No. 15-403 (4th Cir. 2018). On May 2, 2017, the court dismissed Lester's third section 2255 motion and denied a certificate of appealability [D.E. 108].

II.

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have

2

served at least 30 years in prison, and have the Director of the BOP determine "that the defendant is not a danger to the safety of any other person or the community." Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements issued by the" United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with "a serious deterioration in physical and mental health" due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states that

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1.  Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

    (A) Medical Condition of the Defendant.—

    (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

    (ii) The defendant is—

    (I) suffering from a serious physical or medical condition,

3

"an extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, "the fact that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

---

> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,
>
> that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
>
> (B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
>
> (C) Family Circumstances.—
>
> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
>
> (D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1 (emphasis omitted).

4

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, 997 F.3d 181, 186 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021), petition for cert. docketed, (U.S. Sept. 8, 2021) (No. 21-5624); United States v. McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "U.S.S.G. § 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31 (cleaned up). Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 997 F.3d at 186; McCoy, 981 F.3d at 283–84. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–09 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

Lester seeks compassionate release. See [D.E. 112]. Lester contends he exhausted his administrative remedies before filing this motion for compassionate release. See [D.E. 115] 7–8; [D.E. 115-2]. The government does not dispute Lester's contention and has not invoked section 3582's exhaustion requirement. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2]

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the

5

Accordingly, the court addresses Lester's motion on the merits.

Lester seeks compassionate release pursuant to section 3582(c)(1)(A). In support, Lester cites the COVID-19 pandemic, his age (65), his health condition (diabetes), and his supportive family. See [D.E. 115]. The "medical condition of the defendant" policy statement requires that the defendant be "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 cmt. n.1(A)(ii). Lester argues that his diabetes makes him more likely to contract and die from COVID-19. See [D.E. 115] 14–15. Lester also argues that he struggles to manage his diabetes because the BOP is not providing adequate diabetic snacks in between when Lester receives insulin twice each day. See [D.E. 112] 5. The government agrees that diabetes qualifies under the "medical condition of the defendant" standard insofar as having a chronic health condition diminishes Lester's capacity to provide self care against COVID-19. See [D.E. 119] 16. However, Lester has managed his diabetes with the BOP since at least 2008, when the court first sentenced Lester. See PSR ¶ 49. And for the purposes of his motion for compassionate release, Lester's arguments center on the connection between his diabetes and COVID-19 risk. However, Lester has received both doses of a COVID-19 vaccine, thus reducing his risk of contracting COVID-19 or suffering serious complications if he does. See [D.E. 119-1] (vaccination records); cf. United States v. Broadfield, 5 F.4th 801, 803 (7th Cir. 2021) ("for the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate

---

requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

6

release."). Accordingly, reducing Lester's sentence is not consistent with application note 1(A). See 18 U.S.C. § 3582(c)(1)(A).

Under the "age of the defendant" policy statement, compassionate release may be warranted if the defendant is at least 65 years old, has seriously deteriorating physical or mental health due to aging, and "has served at least 10 years or 75 percent of his" sentence. U.S.S.G. § 1B1.13 cmt. n.1(B). Lester turned 65 in September 2021. See [D.E. 115] 14. And Lester has served approximately 78 percent of his sentence. See id. at 6–7. However, Lester does not argue that he has deteriorating physical or mental health due to aging. Accordingly, reducing Lester's sentence is not consistent with application note 1(B). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic and Lester's diabetes are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread."). Even so, the section 3553(a) factors counsel against reducing Lester's sentence. See High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Lester is 65 years old and a violent recidivist. See PSR ¶¶ 6–33. Lester is incarcerated for knowingly possessing a firearm as a convicted felon. See id. ¶¶ 3–4. Lester's criminal history is serious and violent, and includes convictions for armed robbery (six counts), forgery (two counts), robbery, breaking and entering, felony possession of stolen property (two counts), possession of cocaine, larceny, and possessing burglary tools. See id. ¶¶ 6–33. Furthermore, Lester has a history

7

of probation revocations and violations, usually due to new criminal conduct while on probation. See id. ¶¶ 23, 25–26. Of course, Lester's likelihood of recidivism is lower now due to his age, but he committed his federal offense at an age inconsistent with relevant recidivism statistics.

The court also has considered Lester's rehabilitation efforts, potential exposure to COVID-19, medical conditions, vaccinated status, and release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 997 F.3d at 187–91; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). The court also recognizes Lester has supportive family and friends and has considered their letters on his behalf. See [D.E. 112-1, 112-6, 112-7, 115-3]. Having considered the entire record, the steps that the BOP has taken to address COVID-19 and to treat Lester, the section 3553(a) factors, Lester's arguments, the government's persuasive response, and the need to punish Lester for his criminal behavior, to incapacitate Lester, to promote respect for the law, to deter others, and to protect society, the court declines to grant Lester's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for Lester's request for home confinement, see [D.E. 115] 16–17, Lester seeks relief under the CARES Act. The CARES Act does not provide this court with the authority to grant home confinement. See United States v. Brummett, No. 20-5626, 2020 WL 5525871, at *2 (6th Cir. Aug. 19, 2020) (unpublished) ("[T]he authority to grant home confinement remains solely with the Attorney General and the BOP."); United States v. McCoy, No. 3:19-CR-35-KDB-DCK, 2020 WL 5535020, at *1–2 (W.D.N.C. Sept. 15, 2020) (unpublished); United States v. Gray, No.

8

4:12-CR-54-FL-1, 2020 WL 1943476, at *3 (E.D.N.C. Apr. 22, 2020) (unpublished). Thus, the court dismisses Lester's request for home confinement.

III.

In sum, the court DENIES defendant's motion for compassionate release [D.E. 112] and DISMISSES his request for home confinement.

SO ORDERED. This 6 day of October, 2021.

JAMES C. DEVER III
United States District Judge